IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LESLIE ANN WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-1413-L-BN |
| | § | |
| N. JUDE MENES, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This action filed by a *pro se* plaintiff has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action without prejudice for lack of subject matter jurisdiction.

**Applicable Background**

Plaintiff Leslie Ann Williams brings this action alleging breach of contract and fiduciary duty against her former attorney, Defendant N. Jude Menes, who represented her in a *qui tam* suit against McKesson Corporation and Dr. Stephen Larson that was dismissed with prejudice based on pleading deficiencies in Williams's third amended complaint. *See United States ex rel. Williams v. McKesson Provider Techs.*, No. 3:12-cv-371-B, 2015 WL 13616727 (N.D. Tex. Mar. 27, 2015).

In her complaint, Williams asserts that she resides in Prosper, Texas and that

Menes has a law office in Dallas, Texas and runs several businesses in African countries, and further asserts that this Court has jurisdiction over her admittedly state law claims "pursuant to *Gunn v. Minton*" because those claims raise substantial federal questions – "[t]he basic question is attorney Menes' conduct, non-professionalism performance, fraudulent misrepresentation, breach of fiduciary duty, failure to 'state a claim' [under federal rules and statutes]." Dkt. No. 3 at 8 (citing *Gunn v. Minton*, 568 U.S. 251 (2013); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), and further asserting that Menes "failed to properly file on [Williams's] behalf a claim for retaliation and discrimination under Title VII of the Civil Rights Act of 1964").

Although Williams has moved for leave to proceed *in forma pauperis*, *see* Dkt. No. 4, upon the undersigned's screening of her complaint, it was apparent that subject matter jurisdiction may be lacking. The Court therefore issued, under its independent duty to examine its subject matter jurisdiction, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999), an order on June 4, 2018 requiring Williams to file, no later than July 5, 2018, a written response to show that the Court has subject matter jurisdiction over her lawsuit, *see* Dkt. No. 5.

Williams has responded to that order and, in that response, further asserts that diversity jurisdiction exists. *See* Dkt. No. 6.

## Legal Standards

The federal courts' jurisdiction is limited, and federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship

exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. Because Williams chose to file her lawsuit in federal court, it is her burden to establish federal jurisdiction. And if Williams does not, this lawsuit should be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a), (b).

Federal question jurisdiction under 28 U.S.C. § 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

**Analysis**

I. <u>Federal Question</u>

"[E]ven where a claim finds its origins in state rather than federal law – as [Williams's apparent] legal malpractice claim[s] indisputably [do] – [the United States Supreme Court has] identified a 'special and small category' of cases in which arising under jurisdiction still lies." *Gunn*, 568 U.S. at 258 (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). In those cases,

> federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met, ... jurisdiction is proper because there is a "serious federal interest in claiming the advantages thought to be inherent in a federal forum," which can be vindicated without disrupting Congress's intended division of labor between state and federal courts.

*Id.* (quoting *Grable*, 545 U.S. at 313-14).

*Gunn* is particularly instructive here. There, the Supreme Court examined a legal malpractice claim based on an underlying patent dispute and brought under Texas law, and concluded "that state legal malpractice claims based on underlying patent matters will rarely, if ever, arise under federal patent law.... Although such cases may necessarily raise disputed questions of patent law, those cases are by their nature unlikely to have the sort of significance for the federal system necessary to establish jurisdiction." *Id.* at 258-59.

A review of Williams's complaint under the framework most recently explained in *Grable* and *Gunn* does not show that this legal malpractice suit, brought after

-4-

dismissal of Williams's federal litigation, fits into the small category of cases that may be filed in this Court because the state law claims raised present a substantial federal question. *See, e.g., Steele v. Salb*, 681 F. Supp. 2d 34, 36-37 (D.D.C. 2010) ("Based on [the *Grable*] framework, '[m]any federal courts have held that ... breach of contract or attorney malpractice claims properly belong in state court, even where the underlying case involved claims arising under federal law.'" (quoting *Walker v. Dwoskin*, No. 3:09cv4, 2009 WL 366387, *2 (W.D. Va. Feb. 12, 2009); collecting cases)).

Federal question jurisdiction is therefore lacking.

II.   Diversity

Although Williams's complaint does not specifically invoke jurisdiction under Section 1332, *see* Dkt. No. 3 at 8-9, in responding to the Court's show cause order, she asserts that Menes is domiciled in Nigeria and therefore complete diversity exists, *see* Dkt. No. 6 at 9-12 (citing as primary evidence Menes's LinkedIn profile, which, according to Williams, states that he "lives in USA and Africa and splits his time between the two continents," and also highlights multiple business ventures in Africa).

"For diversity purposes, state citizenship is synonymous with domicile. A change in domicile requires: '(1) physical presence at the new location and (2) an intention to remain there indefinitely.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam) (citing *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996); quoting *id.* at 250); *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007) ("*Preston I*") ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of

citizenship.... Domicile requires the demonstration of two factors: residence and the intention to remain." (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954))).

"The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos*, 516 F. App'x at 403 (quoting *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009)). And the United States Court of Appeals for the Fifth Circuit "has stated that a 'failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)); *see also Bain Consulting, LLC v. Gillman*, No. 3:12-cv-4483-B, 2013 WL 12126275, at *2 (N.D. Tex. May 14, 2013) (Even where a defendant's domicile has been placed in question, "the burden remains on the plaintiff as the party invoking jurisdiction to prove the defendant's citizenship." (citing *Coury*, 85 F.3d at 250)).

While "[e]vidence of a person's place of residence" serves as "prima facie proof of his domicile," *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (per curiam) (citing *Preston I*, 485 F.3d at 799),

> [i]n determining a party's domicile, the Court must address a variety of factors including the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has drivers and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family.

*Dulfer v. Seton Healthcare, Inc.*, No. A-11-CV-911-LY, 2012 WL 6212833, at *2 (W.D. Tex. Dec. 13, 2012) (citing *Coury*, 85 F.3d at 251), *rec. accepted*, No. A-11-CV-911-LY, Dkt. No. 27 (W.D. Tex. Jan. 29, 2013).

Williams, citing Menes's LinkedIn profile, states that he is a citizen of Nigeria,

but that conclusion is not supported by her show cause response, and she has thus not carried her burden to distinctly and affirmatively allege that Menes's claimed Nigerian citizenship establishes complete diversity.

Even if Menes is an American citizen domiciled in Nigeria – which Williams has not shown – "[a]n American national, living abroad, cannot sue or be sued in federal court under diversity jurisdiction, 28 U.S.C. § 1332, unless that party is a citizen, i.e. domiciled, in a particular state of the United States." *Coury*, 85 F.3d at 248 (citation omitted).

And to the extent that Williams asserts that Menes is "a dual national citizen, only the American citizenship is relevant for purposes of diversity under 28 U.S.C. § 1332. Consequently, diversity jurisdiction may be properly invoked only when a dual citizen's domicile, and thus his citizenship, is in a state diverse from that of adverse parties." *Id.* at 250 (collecting cases); *see also Fuerst v. Fuerst*, 832 F. Supp. 2d 210, 217 (E.D.N.Y. 2011) ("[I]t is the general consensus among the courts ... that, where a party has dual citizenship, '[i]n matters of diversity jurisdiction American citizenship will determine diversity.' The rationale behind this rule is that 'the dual citizen should not be allowed to invoke alienage jurisdiction because this would give him an advantage not enjoyed by native-born American citizens.' Furthermore, in the situation where a United States citizen is domiciled abroad, he is considered neither a citizen of any state within the United States, nor a citizen or subject of a foreign state. Thus, where a United States citizen is domiciled abroad at the time an action is commenced, § 1332(a) does not provide the Court with jurisdiction over the suit. As a result,

'diversity jurisdiction may be properly invoked only when a dual citizen's domicile, and thus his citizenship, is in a state diverse from that of adverse parties.'" (citations omitted)).

Turning to factors used to determine a party's domicile, that Menes is admitted to both the bars of the State of Texas and this Court and maintains a law practice in Dallas all support a conclusion that, as to any United States citizenship he maintains, he is domiciled in Texas, just like Williams.

For these reasons, Williams fails to adequately allege diversity jurisdiction.

**Recommendation**

The Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 12(h)(3).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: July 3, 2018

                                                  DAVID L. HORAN
                                                  UNITED STATES MAGISTRATE JUDGE